IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANA DAYE HAMBLIN,

                                                                               Case No. 1:17-cv-660

      Plaintiff,

v.

SANTA FE COUNTY, SANTA FE COUNTY ADULT
DETENTION CENTER, DEREK WILLIAMS,
CORIZON HEALTH, INC., CORIZON, LLC
and JOHN and JANE DOES NOS. 1-10,

      Defendants.

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS, MEDICAL
MALPRACTICE, NEGLIGENCE AND PUNITIVE DAMAGES**

      COMES NOW the Plaintiff, DANA DAYE HAMBLIN, by and through her attorney of record, SANDOVAL FIRM (Richard A. Sandoval), and hereby makes her complaint for violation of civil rights, medical malpractice, negligence and punitive damages for violations of New Mexico common law; and for torts and civil rights offenses suffered in violation of federal law; in support of which he states:

**FACTS**

      1.     This action arises out of an incident that occurred on or about June 21, 2015 at the Santa Fe Adult County Detention Center (hereinafter "SFCADC"). Plaintiff Dana Daye Hamblin, was in the custody and control of the SFCADC when she fell from a top bunk, fracturing her back.

      2.     SFCADC failed to make a low bed available to Plaintiff, despite her multiple requests and pre-existing medical and psychological conditions.

      3.     Upon information and belief, Ms. Daye was transported to Christus St. Vincent Regional Medical Center (CSV) on June 21, 2015 where an x-ray was performed. She was

returned to SFCADC to the medical unit for two days. She had difficulty getting up and down secondary to pain, numbness in her legs and pelvis, and difficulty sitting.

4. After multiple complaints, on June 25, 2015, Ms. Daye was taken once again to CSV and a CT-Scan was performed which found anterior and middle column fractures of the T12 vertebral body with retropulsion of the bone with central canal narrowing; superior endplate subtle depression of T4. Once again, SFCADC took custody of Ms. Daye.

5. Despite her many complaints of pain, Ms. Daye was forced to be up and was assigned difficult physical duties such as sweeping the entire yard but was unable to complete the task due to pain; she was not provided a downstairs room as requested and had to endure the agony of traversing stairs. Ms. Daye had pain in her right leg, numbness on the right and initially severe right leg pain with difficulty sitting.

6. Ms. Daye was not taken for additional medical intervention until July 17, 2015 when she was brought to see Dr. Phillip Smucker who ordered a back brace and ordered an MRI. SFCADC never provided Ms. Daye a brace.

7. On July 28, 2015 Ms. Daye was taken to CSV for her scheduled MRI as well as an additional CT Scan and was finally admitted for definitive care as these demonstrated substantial retropulsed fragment within the spinal canal and considerable compression of the T12 anteriorly. Ms. Daye was admitted to SVH from July 28, 2015, underwent an operation on August 3, 2015 including a T12 decompression bilaterally, a T10 through L2 instrumentation and a T11 through L1 fusion.

8. Ms. Daye was discharged from CSV on August 19, 2015.

**JURISDICTION AND VENUE**

9. At all times material to this complaint, Plaintiff Dana Daye Hamblin, was an inmate in the custody and control of the Santa Fe County Adult Detention Center and a resident of the State of New Mexico.

10. Plaintiff is no longer in custody. The Prison Litigation Reform Act is not applicable to this case.

11. At all times material to this complaint, Defendant Santa Fe County was a political subdivision of the State of New Mexico.

12. At all times material to this complaint, Santa Fe County owned and/or operated the Santa Fe County Adult Detention Center.

13. At all times material to this complaint, Defendant Santa Fe County Adult Detention Center ("SFCADC"), was a publicly owned correctional facility operated by Defendant Santa Fe County.

14. At all times material to this complaint, Defendant Derek Williams was the Warden of the Santa Fe County Adult Detention Center.

15. At all times material to this complaint, Defendants John and Jane Does 1 through 10 were agents or persons with authority within SFCADC and/or third-party contractors of SFCADC, providing services, including medical services, to inmates at SFCADC.

16. Defendant Corizon Health, Inc. is a foreign for-profit corporation and Defendant Corizon, LLC is a foreign limited liability company (hereinafter collectively referred to as "Corizon"), are licensed to do business in the State of New Mexico.

17. At all times material to this complaint, Defendants Corizon were acting as the medical provider and agent for SFCADC, and agent of Santa Fe County and/or SFCADC.

18. At all times alleged herein, Defendant Santa Fe County was legally responsible for the operations of the SFCADC, including the actions of its employees, agents, apparent agents and/or contractors.

19. Jurisdiction and venue are proper with this Court pursuant to N.M.S.A. 38-3-1 and 42 U.S.C. Section 1983.

**FIRST CAUSE OF ACTION – ALL DEFENDANTS**
**DELIBERATE INDIFFERENCE TO A KNOWN MEDICAL CONDITION IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. §1983**

20. Plaintiff incorporates by reference each and every allegation whether set forth above or below, as if fully set forth herein.

21. Pursuant to the Constitutional protections of the Eighth and Fourteenth Amendments, Defendants had the following duties:

    a. to see that measures were in place to reasonably ensure the safety of inmates, specifically including Dana Daye Hamblin;

    b. to implement such measures as would reasonably ensure the safety of inmates, including the safety of Dana Daye Hamblin; and

    c. to see that measures were in place to reasonably ensure that inmates, including Dana Daye Hamblin, were provided a level of health care that a civilized society would think necessary in violation of rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

22. Defendants breached these duties and were deliberately indifferent to Dana Daye Hamblin's needs in at least the following:

    a. by allowing Dana Daye Hamblin to suffer from an obvious and preventable fall while in custody at the jail;

4

b.     by failing to have policies and procedures in place, and/or failing to adequately supervise or train employees, staff, contractors and other agents in accordance with said polices and procedure, and/or by failing to enforce such policies and procedures to ensure the medical safety of inmates such as Dana Daye Hamblin;

c.     by failing to have policies and procedures in place, and/or by failing to adequately supervise or train employees, staff, contractors and other agents in accordance with said polices, and/or by failing to enforce such policies and procedures intended to ensure that inmates like Dana Daye Hamblin were provided a level of health care that a civilized society would think necessary in violation of rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution;

d.     by failing to have policies and procedures in place and/or by failing to adequately supervise and/or train employees, staff, contractors and other agents in accordance with said polices, and/or by failing to implement such policies and procedures intended to ensure the reasonable health and safety of inmates suffering from injuries such as Dana Daye Hamblin; and

e.     by failing to intervene in a medically reasonable way to prevent Dana Daye Hamblin from suffering further pain and thereby suffering avoidable and unnecessary harm.

23. Defendants were deliberately indifferent to Dana Daye Hamblin's medical needs. The policies and procedures developed and administered were deficient and deliberately indifferent to foreseeable circumstances, such as inmate Dana Daye Hamblin's injuries, pain and suffering from her back injury.

24. As a direct and proximate cause of Defendants' deliberate indifference, Dana Daye Hamblin suffered from multiple fractures to her spine while in custody.

25. Santa Fe County is directly liable and by and through its relationship with SFCADC, Derek Williams and Corizon. The County has delegated a duty to County employees, contractors and other agents to ensure the health and safety of prisoners within their custody and is subject to liability for the actions of its agents and assigns.

26. Santa Fe County, Derek Williams and SFCADC are liable for the negligence of their agent, Corizon.

27. Corizon is directly liable for medical negligence.

28. As a result of the constitutional deprivation suffered by Dana Daye Hamblin at the hands of the Defendants, Plaintiff is entitled to damages in an amount not presently determinable, but to be proven at the time of trial.

29. Due to the egregious nature of Defendants' deliberate indifference and reckless disregard for the health and safety of Dana Daye Hamblin, Plaintiff seeks punitive damages against all Defendants to the utmost extent allowed by law. Further, Plaintiff is entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1983.

**SECOND CAUSE OF ACTION – ALL DEFENDANTS**
**FAILURE TO TRAIN AND SUPERVISE IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. §1983**

30. Plaintiff incorporates by reference each and every allegation whether set forth above or below, as if fully set forth herein.

31. Defendants may be held liable for damages resulting from constitutional violations caused by their failure to adequately train or supervise their employees, staff, contractors and other agents regarding standards of medical care for prisoners in SFCADC.

32. Defendants foresaw, or should have foreseen, the possibility that when inmates have conditions that require them to have low beds and are injured at the facility, they will require medical care and attention. Yet, Defendants failed to establish adequate policies, procedures, or training to their employees, staff, contractors and other agents to reasonably provide for the health and safety of inmates, including Dana Daye Hamblin. In this, Defendants were deliberately indifferent to the health and safety of Dana Daye Hamblin and their deliberate indifference caused her harm.

33. Santa Fe County is liable by and through its agreement with SFCADC and Corizon to perform a public function. Santa Fe County charged SFCADC and Corizon with the health and safety of the inmates in their custody. This is a non-delegable duty.

34. Defendants failed to provide adequate policies, procedures, or training to their employees, staff, contractors and other agents and failed to instruct and direct their employees, staff, contractors and other agents to adequately monitor and respond to inmates with medical conditions. In this, Defendants were deliberately indifferent to the health and safety of Dana Daye Hamblin and their deliberate indifference caused her harm.

35. As a direct and proximate result of Defendants' actions and inactions and deliberate indifference, Dana Daye Hamblin was deprived of necessary medical care in violation of rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

36. As a result of the Constitutional deprivation suffered by Dana Daye Hamblin at the hands of Defendants, Plaintiff is entitled to damages in an amount not presently determinable, but to be proven at the time of trial.

37. Due to the egregious nature of Defendants' deliberate indifference and reckless disregard for the health and safety of Dana Daye Hamblin, Plaintiff seeks punitive damages against said Defendants to the furthest extent allowed by law. Further, Plaintiff is entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

**THIRD CAUSE OF ACTION – ALL DEFENDANTS**
**UNLAWFUL CUSTOM, POLICY, OR PRACTICE IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. §1983**

38. Plaintiff incorporates by reference each and every allegation whether set forth above or below, as if fully set forth herein.

39. If a governmental agency or agent has a policy, custom, or practice that tolerates the commission of unconstitutional acts by its employees, staff, contractors and other agents, then the governmental agency, employees, staff, contractors and other agents who are in a position to set the policy, custom, or practice may be held liable directly for the consequences of any unconstitutional acts by said persons or entities.

40. Defendants were deliberately indifferent and failed to provide necessary and proper safety measures and medical care to save Dana Daye Hamblin from harm even though Dana Daye Hamblin was clearly in dire need of medical assistance.

8

41. Defendants evidenced a custom of laxity regarding the supervision and monitoring of the health and safety of inmates so that such custom was or became a de facto official policy.

42. Defendants allowed such a policy, custom, or practice to develop and exist, exhibited deliberate indifference to the rights, health, and safety of Dana Daye Hamblin.

43. Santa Fe County is liable by and through its agreement with SFCADC, Derek Williams and Corizon to perform a public function. Santa Fe County charged Derek Williams, SFCADC, Corizon and John and Jane Does 1 through 10, with the health and safety of the inmates in their custody. This is a non-delegable duty.

44. Corizon is directly liable for its own medical negligence and the negligence of its employees, staff, agents, contractors.

45. As a direct and proximate result of Defendants' actions and inactions, and/or deliberate indifference, Dana Daye Hamblin was deprived of safety and medical care in violation of rights as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

46. As a result of the Constitutional deprivation suffered by Dana Daye Hamblin at the hands of Defendants, Plaintiff is entitled to damages in an amount not presently determinable, but to be proven at the time of trial.

47. Due to the egregious nature of Defendants' deliberate indifference and reckless disregard for the health and safety of Dana Daye Hamblin, Plaintiff seeks punitive damages against all Defendants to the utmost extent allowed by law. Further, Plaintiff is entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION – ALL DEFENDANTS
### NEGLIGENT TRAINING AND SUPERVISION

48. Plaintiff incorporates by reference each and every allegation whether set forth above or below, as if fully set forth herein.

49. Defendants had a duty to properly supervise, educate, and train its employees, staff, contractors and other agents regarding evaluation, treatment, monitoring, and administration of safety measures and medical treatment to inmates specifically including, but not limited to, those inmates suffering from multiple medical conditions and multiple spine fractures.

50. Defendants failed to properly supervise, educate and train its employees, staff, contractors and other agents regarding evaluation, treatment, monitoring, and administration of medical treatment to inmates.

51. Defendants failed to properly supervise, educate and train its employees, staff, contractors and other agents with the knowledge to insure the health and safety needs of the inmates in their custody, which is a non-delegable duty and Defendants are thereby liable.

52. Corizon is liable for its own medical negligence and the negligence of its employees, staff, contractors and other agents.

53. Santa Fe County, Derek Williams, SFCADC and Corizon's failure to properly train and supervise its employees, staff, contractors and other agents in such a manner as alleged above directly caused harm to Dana Daye Hamblin.

54. Santa Fe County, Derek Williams, SFCADC and Corizon are liable for damages caused by the negligence of its employees, staff, contractors and other agents while working within the scope of their employment and/or agency in an amount not presently determinable, but to be proven at the time of trial.

55. Defendants' actions and inactions were malicious, willful, reckless, wanton disregard for the health and safety of Dana Daye Hamblin, Plaintiff seeks punitive damages against Defendants to the utmost extent allowed by law.

### FIFTH CAUSE OF ACTION – ALL DEFENDANTS
### DELIBERATE INDIFFERENCE TO A KNOWN MEDICAL CONDITION IN VIOLATION OF ARTICLE II, SECTION XIII OF THE NEW MEXICO CONSTITUTION'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT

56. Plaintiff incorporates by reference each and every allegation whether set forth above or below, as if fully set forth herein.

57. Pursuant to the New Mexico Constitutional protections of Article II, Section XIII, Defendants had the following duties:

   a. to see that measures were in place to reasonably ensure the safety of inmates at the jail, specifically including Dana Daye Hamblin;

   b. to implement and enforce such measures as would reasonably ensure the safety of inmates, including the safety of Dana Daye Hamblin; and

   c. to see that measures were in place, implemented and enforced to reasonably ensure that inmates, including Dana Daye Hamblin, were provided at a level of health care that a civilized society would think necessary.

58. Defendants breached these duties and were deliberately indifferent to Dana Daye Hamblin's needs in at least the following:

   a. by failing to provide Dana Daye Hamblin with a low bed which allowed her to suffer a preventable fall while in custody at the jail;

   b. by failing to have policies and procedures in place, and/or failing to adequately supervise or train employees, staff, contractors and other agents in accordance with said policies and procedures, and/or by failing to enforce

       such policies and procedures to ensure the physical and medical safety of inmates such as Dana Daye Hamblin;

c.   by failing to have policies and procedures in place, and/or by failing to adequately supervise or train employees, staff, contractors and other agents in accordance with said polices, and/or by failing to enforce such policies and procedures intended to ensure that inmates like Dana Daye Hamblin were provided a level of safety and health care that a civilized society would think necessary; and

d.   by failing to have policies and procedures in place and/or by failing to adequately supervise and/or train employees, staff, contractors and other agents in accordance with said polices, and/or by failing to implement such policies and procedures intended to ensure the reasonable safety and health of inmates from suffering severe infections such as Dana Daye Hamblin.

59. Santa Fe County charged Derek Williams, SFCADC and Corizon to perform a public function. Santa Fe County charged Derek Williams, SFCADC, Corizon and John and Jane Does 1 through 10 with the health and safety of the inmates in their custody, a non-delegable duty and thus, they are liable for the actions of Derek Williams, SFCADC, Corizon and John and Jane Does 1 through 10.

60. Defendants were deliberately indifferent to Dana Daye Hamblin's medical needs. The policies and procedures developed and administered were deficient and deliberately indifferent to foreseeable circumstances, such as an inmate falling and fracturing her back as did Dana Daye Hamblin.

61. Corizon is directly liable for medical negligence.

62. Santa Fe County, Derek Williams and SFCADC are liable for the actions of their agents, including Corizon.

63. As a direct and proximate cause of Defendants' deliberate indifference, Dana Daye Hamblin suffered a preventable fall and multiple fractures to her spine while in custody, all of which were both predictable, apparent and preventable causing Ms. Daye avoidable suffering and unnecessary harm.

64. As a result of the Constitutional deprivation suffered by Dana Daye Hamblin at the hands of Defendants, Plaintiff is entitled to damages in an amount not presently determinable, but to be proven at the time of trial.

## SIXTH CAUSE OF ACTION – ALL DEFENDANTS
### MEDICAL MALPRACTICE AND NEGLIGENCE UNDER NEW MEXICO LAW

65. Plaintiff incorporates by reference each and every allegation whether set forth above or below, as if fully set forth herein.

66. At all times material hereto, Defendants were acting with the authority of the respective principles, the employees, staff, contractors and other agents had sufficient control over Dana Daye Hamblin and failed to use ordinary care in providing for the safety and medical treatment that a reasonable and prudent health care facility/provider would have provided under the same or similar circumstances by the following acts and/or omissions, including, but not limited to:

   a. failing to develop, employ, monitor, and follow appropriate policies about the assessment, treatment, management and oversight of patients, including Dana Daye Hamblin;

   b. failing to maintain and provide a safe, sanitary and comfortable environment to protect the health and safety of Dana Daye Hamblin;

  c. failing to provide the adequate treatment, services and care that were necessary to treat the conditions faced by Dana Daye Hamblin;

  d. failing to take the reasonable precautions that were necessary to prevent damage and injury to the health and safety of Dana Daye Hamblin;

  e. failing to provide timely health care to Dana Daye Hamblin;

  f. failing to properly monitor, evaluate, and treat Dana Daye Hamblin's medical condition(s);

  g. failing to alleviate the conditions that contributed to the development and worsening of Dana Daye Hamblin's injuries;

  h. failing to exercise due care in the safety and treatment of Dana Daye Hamblin;

  i. failure to anticipate and provide in a timely manner the appropriate safety and care needed to lessen or avoid the injury to Dana Daye Hamblin;

  j. failing to properly, timely and accurately diagnose a serious medical emergency;

  k. At all times material herein, Dana Daye Hamblin was powerless to receive medical attention based on the Defendants' power and control over her, either directly or through the use of their employees, staff, contractors and other agents.

67. Corizon is directly liable for its medical negligence and the negligence of its employees, staff, contractors and other agents.

68. Santa Fe County, Derek Williams and SFCADC are liable for the negligence of their agents, including Corizon and John and Jane Does 1-10.

69. The lack of management of Dana Daye Hamblin's medical condition was reckless, wanton and performed with utter disregard for Dana Daye Hamblin's safety and welfare.

70. Therefore, Defendants committed negligence against Dana Daye Hamblin, based on their power and control over Dana Daye Hamblin, granted by Defendants. Defendants were charged by Santa Fe County and Santa Fe County Commissioners to ensure the health and safety of Santa Fe County's inmates, a non-delegable duty.

## PUNITIVE DAMAGES

71. Plaintiff incorporates by reference each and every allegation whether set forth above or below, as if fully set forth herein.

72. The acts and omissions complained of in the causes of action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights of Plaintiffs, that in addition to actual damages ascertained and demonstrated by a preponderance of the evidence, punitive damages or exemplary damages to punish and deter this type of act from occurring in the future may well be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment to be entered in his favor and against all Defendants in an amount to be proven at the time of trial, for all of his damages, compensatory and other, including but not limited to punitive damages, for costs associated with the bringing of this cause of action, for his reasonable attorney fees as allowed by law, for pre-judgment interest and post-judgment interest, and for such other and further relief as the Court deems just and proper.

**Plaintiff demands a trial by Jury.**        Respectfully submitted,

SANDOVAL FIRM
*/s/ Richard A. Sandoval*
Richard A. Sandoval
1442-D South Saint Francis Dr.
Santa Fe, NM 87505
(505) 795-7790
Rick@sandovalfirm.com
            *Attorney for Plaintiff*

15